# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: T.M. and K.P.**

**No. 14-0015** (Ohio County 12-CJA-50 and 12-CJA-51)

**FILED**

June 2, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Amy Pigg Shafer, from an order entered on December 12, 2013, in the Circuit Court of Ohio County, which terminated her parental rights to six-year-old T.M. and seven-year-old K.P. The guardian ad litem for the children, Joseph J. Moses, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioner subsequently filed a reply. On appeal, petitioner argues that the circuit court erred by not extending her improvement period and by terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed an abuse and neglect petition against petitioner. The petition alleged that petitioner violated her probation by testing positive for cocaine and, as a result, was taken into federal custody, leaving her children without a caretaker.[1] The petition also alleged that petitioner had a history of leaving her children unsupervised at home, alcohol abuse, and past drug-related charges in other states. Petitioner waived her right to a preliminary hearing and at the adjudicatory hearing in September of 2012, petitioner stipulated to the allegations contained in the abuse and neglect petition. The circuit court granted petitioner a six-month post-adjudicatory improvement period. The terms of this improvement period required, inter alia, that petitioner remain free of alcohol and drugs; obtain appropriate housing; maintain employment; participate in adult life skills classes, parenting services, and supervised visitation; obtain services through Northwood Health Systems or a similar agency to obtain medication; maintain no contact with individuals who engage in illegal or other drug activity; and comply with all of the requirements outlined by her federal probation.

During the course of this case, petitioner was involved in several physical fights and altercations that often resulted in police intervention. Some of these incidents were in the

---

[1] It is unclear as to when petitioner was released from incarceration from this violation. However, it appears that by autumn of 2012, petitioner was no longer incarcerated.

1

presence of her children. Although petitioner participated in visitation with her children, she failed to avail herself of other services offered to her. In May of 2013, petitioner filed a motion to extend her improvement period. When the circuit court denied this motion in early July of 2013, it found that petitioner attended "some" Alcoholics Anonymous and Narcotics Anonymous classes and that petitioner's psychologist testified that petitioner missed so many appointments that she had to terminate this service in April of 2013. Other testimony at the hearing on this motion also revealed that petitioner never obtained housing or maintained a job for more than a month, and that she attended some of her parenting and adult life skills sessions but was never able to complete these services after she struck multiple vehicles in April of 2013, which resulted in her arrest for driving under the influence and other charges. After the circuit court denied petitioner's motion to extend her improvement period, the matter was scheduled for a hearing on petitioner's disposition.

At the dispositional hearing in late July of 2013, the circuit court heard testimony from several witnesses, including petitioner. Petitioner admitted that she was arrested twice during the pendency of this case, but that she was the victim each time. Several police officers testified about incidents where they were called to break up fights in which petitioner was involved and of an incident in November of 2012 where petitioner was charged with shoplifting. Petitioner's caseworker from the DHHR testified that petitioner was unlikely to change given her criminal history, alcohol abuse, and noncompliance with services and treatment. In December of 2013, the circuit court entered an order terminating petitioner's parental rights. It is from this order that petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal. First, petitioner argues that the circuit court erred in not extending her improvement period so that the DHHR could determine if she could adequately care for her children. Petitioner asserts that the DHHR's oversights during the case warranted an extension of her improvement period. For instance, petitioner argues that the terms of her improvement period were never reduced to writing and signed by her and the DHHR.

Petitioner also asserts that one of her caseworkers failed to submit her application for a twenty-eight-day inpatient treatment program that she provided to the caseworker in late March of 2013. Second, petitioner argues that the circuit court erred in terminating her parental rights. Petitioner asserts that there was overwhelming evidence of her love for the children and that the evidence was insufficient for the circuit court to conclude that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future. Petitioner's reply contends that she should have received an extension to her improvement period due to the DHHR's lack of guidance during her improvement period.

Upon our review of the record, we find no error by the circuit court in denying petitioner's motion to extend her improvement period. West Virginia Code § 49-6-12(g) directs the following:

> A court may extend [any] improvement period . . . for a period not to exceed three months when the [circuit] court finds that the [subject parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the [DHHR] to permanently place the child[ren]; and that such extension is otherwise consistent with the best interest of the child[ren].

Our review of the record reveals that the DHHR admitted that it did not properly submit petitioner's twenty-eight-day inpatient treatment application, nor did it properly schedule petitioner's initial psychological and psychiatric appointments. However, the DHHR also asserts that it was petitioner's own inaction and continued substance abuse and criminal actions that led to her unsuccessful improvement period. We agree. The record reveals that petitioner was noncompliant with the terms of her improvement period well before she attempted to submit her application for inpatient treatment and that, not long after she submitted this application, she was arrested for driving under the influence and driving without a license.[2] At the hearing on petitioner's motion to extend her improvement period, she testified that she did not feel that Northwood, an outpatient treatment program that was available to her before she applied for the twenty-eight day treatment program, was appropriate for her. Petitioner also testified that she did not take her medication as prescribed and that, although her attorney informed her about the requirement to attend Alcoholics Anonymous meetings, she did not regularly do so. Petitioner testified, "I did everything I was supposed to do. I just didn't go to no [sic] appointments, no [sic] meetings." Requirements to attend appointments and meetings and to abide by her federal probation were a few of several requirements that the circuit court ordered in petitioner's improvement period.

We also find no error by the circuit court in terminating petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the

---

[2] As a result of this arrest, petitioner was incarcerated for a month and released on May 22, 2013. The children's guardian ad litem provides that in the fall of 2013, petitioner returned to incarceration after she pleaded guilty to eight violations of her probation shortly after the dispositional hearing. The GAL further represents that petitioner is expected to remain incarcerated until June of 2014.

3

children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), circumstances in which a parent fails to respond to rehabilitative efforts are considered those in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected. The record reveals that during petitioner's improvement period, she continued to endanger her children by engaging in physical altercations, which sometimes led to arrests, charges, and periods of incarceration. Petitioner was given months to complete treatments and counseling, but failed to take full advantage of these opportunities. This evidence was sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II